JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-00290-JST (ANx)            Date: July 30, 2012
Title: Galerie Homeowners Association v. Chartis Property Casualty Company, etc., et al.

Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

| Ellen Matheson | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                        Not Present

**PROCEEDINGS:**    **(IN CHAMBERS) ORDER (1) GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND (DOC. 27), AND (2) REMANDING TO STATE COURT**

Before the Court is Plaintiff Galerie Homeowners Association's ("Plaintiff's") Motion for Leave to Amend Plaintiff's Complaint ("Motion to Amend"). (Doc. 27.) The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. Accordingly, the hearing set for August 3, 2012, at 2:30 p.m. is VACATED. For the reasons set forth below, the Court GRANTS Plaintiff's Motion to Amend, and REMANDS this case to Orange County Superior Court, Case No. 30-2012-00539970.

## I. BACKGROUND

Plaintiff filed this action in Orange County Superior Court on January 25, 2012, against Defendant National Union Fire Insurance Company of Pittsburgh ("Defendant"). (Compl., Doc. 4, Ex. 1.) The Complaint asserted three causes of action: (1) breach of insurance contract, (2) breach of implied covenant of good faith and fair dealing, and (3) declaratory and injunctive relief. (*Id*. ¶¶ 8-29.) Defendant removed this action to federal court on February 24, 2012, on the basis of diversity jurisdiction. (Notice of Removal, Doc. 1.) On June 27, 2012, Plaintiff filed its Motion to Amend, seeking to join Bickley Nguyen—the insurance broker or agent that procured the policy at issue in this case—and LaBarre/Oksnee Insurance Agency, Inc. ("LaBarre/Oksnee"), the insurance agency employing Nguyen at the time of procurement of the insurance policy. (Mot. to Amend at 3-4.) Plaintiff seeks to allege claims for breach of an oral contract, negligence, and equitable indemnity against Nguyen and LaBarre/Oksnee. Because the addition of Nguyen and LaBarre/Oksnee would destroy diversity, Plaintiff and Defendant recognize

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 12-00290-JST (ANx) | Date: July 30, 2012 |
| Title: Galerie Homeowners Association v. Chartis Property Casualty Company, etc., et al. | |

that this case must be remanded to the Orange County Superior Court if the Motion to Amend is granted.  (*See* Mot. to Amend at 4; Op. Mot. to Amend at 1.)

## II.   MOTION TO AMEND

Where, as here, a plaintiff seeks to join additional defendants after removal "whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e).  In determining whether to permit joinder under § 1447(e), the courts of this District consider:

> (1) whether the party sought to be added would be a necessary party to be joined under Federal Rule of Civil Procedure 19(a); (2) whether the plaintiff would be prejudiced; (3) whether the joinder was timely; (4) whether the joinder is solely for the purpose of defeating federal jurisdiction; and (5) whether the claim against the new party seems valid.

*Negrete v. Meadowbrook Meat Co.*, No. ED CV 11–1861 DOC (DTBx), 2012 WL 254039, at *2 (C.D. Cal. Jan. 25, 2012) (collecting cases).

The Court has considered each of the above-enumerated factors, and concludes that joinder is appropriate in this case.  While Nguyen and LaBarre/Oksnee are likely not necessary parties under Rule 19 and the statute of limitations has not yet run on the filing of an independent action against them in state court, each of the remaining factors weigh in favor of joinder.  First, the Court is not persuaded Plaintiff seeks joinder solely for the purpose of defeating federal jurisdiction.  Plaintiff seeks to add, *inter alia*, a claim of equitable indemnity against Nguyen and LaBarre/Oksnee.  This claim, at least, arises directly from Defendant's asserted counterclaim for reimbursement from Plaintiff of the fees and costs it allegedly improperly expended in funding Plaintiff's defense in the *Flores* action.

Second, Plaintiff's proposed joinder is timely.  As discussed above, at least the equitable indemnity claim Plaintiff seeks to add relates directly to Defendant's counterclaim for reimbursement.  Plaintiff filed the instant Motion less than three months after Defendant filed its Answer and Counterclaim.  Moreover, this litigation has been pending for only six months.

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 12-00290-JST (ANx) | Date: July 30, 2012 |

Title: Galerie Homeowners Association v. Chartis Property Casualty Company, etc., et al.

Third, Defendant's mere assertion that the proposed First Amended Complaint "does not appear to plead sufficient facts" is not persuasive. (Op. Mot. to Amend at 9.) The proposed First Amended Complaint appears sufficient to meet Rule 8's requirement that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Finally, Plaintiff will suffer prejudice if its Motion is denied because it will face the "Hobson's choice" of "(1) engaging in redundant litigation in state court arising out of the same facts and involving the same legal issues; or (2) foregoing its potential claims against [Nguyen and LaBarre/Oksnee]." *Negrete*, 2012 WL 254039, at *9 (internal citations and quotation marks omitted). Defendant, on the other hand, will not suffer prejudice from the addition of Nguyen and LaBarre/Oksnee, as the new claims do not affect Defendant, nor do they change the allegations to which Defendant responded. Remand to the state court is not prejudice. *Cf. Hughes v. Promark Lift, Inc.*, 751 F. Supp. 985, 987 (S.D. Fla. 1990) ("The mere fact that a Defendant faces the prospect of a trial in state court is insufficient in itself to demonstrate legal prejudice.")

Accordingly, Plaintiff's Motion to Amend is GRANTED.

### III. REQUIRED REMAND

Once a district court joins a non-diverse defendant under § 1447(e), remand becomes mandatory. *Stevens v. Brink's Home Sec., Inc.*, 378 F.3d 944, 949 (9th Cir. 2004). Therefore, this case must be remanded to the state court.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Amend (Doc. 27) is GRANTED, and Plaintiff's proposed First Amended Complaint—Exhibit A to the Notice of Lodging (Doc. 28)—is deemed filed. The Court further ORDERS that this case be REMANDED to Orange County Superior Court, Case No. 30-2012-00539970.

Initials of Preparer:  <u>enm</u>

___